IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| AUDREY EDWARD o/b/o J.P., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:10cv165-CSC |
| ) | (WO) |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

**I.  Introduction**

This is a child impairment case.  On January 31, 2007, the plaintiff filed, pursuant to Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq.*, an application for supplemental security income on behalf of J.P.,[1] her minor son.  The application was denied at the administrative levels of review, and the plaintiff requested a hearing before an Administrative Law Judge (ALJ) which was held on May 7, 2009.  The ALJ denied the application for benefits, and the Appeals Council denied review.  Thus, the ALJ's decision is the final decision of the Commissioner now properly before the court for review.

The parties have consented to the undersigned United States Magistrate Judge rendering a final judgment in this lawsuit pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1.  The court has jurisdiction over this lawsuit pursuant to 42 U.S.C. §§ 405(g) and

---

[1]  Pursuant to the E-Government Act of 2002, as amended on August 2, 2002, and M.D. Ala. General Order No. 2:04mc3228, the court has redacted the plaintiff's minor child's name throughout this opinion and refers to him only by his initials, J.P.

1383(c)(3). After careful consideration of the briefs of the parties and the record of the administrative proceedings, the court concludes that the decision of the Commissioner should be reversed and remanded for further proceedings.

## II.  Child Disability

An individual under 18 is considered disabled "if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(I) (1999). The sequential analysis for determining whether a child claimant is disabled is as follows:

1. If the claimant is engaged in substantial gainful activity, she is not disabled.
2. If the claimant is not engaged in substantial gainful activity, the Commissioner determines whether the claimant has a physical or mental impairment which, whether individually or in combination with one or more other impairments, is a severe impairment. If the claimant's impairment is not severe, she is not disabled.
3. If the impairment is severe, the Commissioner determines whether the impairment meets the durational requirement and meets, medically equals, or functionally equals in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. If the impairment satisfies this requirement, the claimant is presumed disabled.

*See* 20 C.F.R. § 416.924(a)-(d) (1997).

The Commissioner's regulations provide that if a child's impairment or impairments are not medically equal, or functionally equivalent in severity to a listed impairment, the child is not disabled. *See* 20 C.F.R. § 416.924(d)(2) (1997). In determining whether a child's

impairment functionally equals a listed impairment, an ALJ must consider the extent to which the impairment limits the child's ability to function in the following six "domains" of life: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical well-being. *Shinn ex rel. Shinn v. Comm'r of Soc. Sec.*, 391 F.3d 1276, 1279 (11th Cir. 2004); 20 C.F.R. § 416.926a(b)(1). A child's impairment functionally equals a listed impairment, and thus constitutes a disability, if the child's limitations are "marked" in two of the six life domains, or if the child's limitations are "extreme" in one of the six domains. *Shinn*, 391 F.3d at 1279; 20 C.F.R. § 416.926a(d).

In reviewing the Commissioner's decision, the court asks only whether his findings concerning the steps are supported by substantial evidence. *Dyer v. Barnhart,* 395 F.3d 1206, 1210 (11th Cir. 2005). Substantial evidence is "more than a scintilla," but less than a preponderance: it "is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.,* 363 F.3d 1155, 1158–59 (11th Cir. 2004) (quotation marks omitted). The court "may not decide the facts anew, reweigh the evidence, or substitute . . . [its] judgment for that of the [Commissioner]." *Phillips v. Barnhart,* 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004) (alteration in original) (quotation marks omitted). The court must, however, conduct an "exacting examination of the [Commissioner's] conclusions of law." *Martin v. Sullivan,* 894 F.2d 1520, 1529 (11th Cir. 1990).

### III.  The Issues

As presented by the plaintiff, the issues[2] before the court are as follows.

(1) The Commissioner's decision should be reversed, because the ALJ's administrative finding of non-disability lacks the support of substantial evidence.

(2) The Commissioner's decision should be reversed, because the ALJ committed legal error at step three of the evaluation process.  The court pretermits discussion of the plaintiff's specific arguments because the court concludes that the ALJ erred as a matter of law, and, thus, this case is due to be remanded for further proceedings.

(Pl.'s Br., doc. # 13, at 6).

### III.  Discussion and Conclusion

The ALJ found that J.P. had severe impairments of attention deficit disorder with hyperactivity (ADHD), oppositional defiant disorder (ODD) and learning disability with a reading emphasis. (R. at 12) The ALJ further found that J.P. did not have an impairment or combination of impairments that met or medically equaled an impairment in the Listing of Impairments in 20 C.F.R. Part 404, Subpt. P, App. 1(Appendix 1). *Id.*  The ALJ then found that J.P.'s impairments also did not functionally equal a listing.  Consequently, the ALJ found J.P. was not disabled.  In reaching these conclusions, the ALJ relied heavily on the opinion

---

[2] In the order of procedure entered in this case, the court ordered as follows: "The plaintiff's brief shall contain a section titled 'Statement of the Issues.'  In this section in numbered paragraphs, the plaintiff shall state in a concise, specific manner each issue which the plaintiff presents to the court for resolution. Issues not presented in the Statement of the Issues will not be considered." (doc. # 4) In a footnote, the court warned that "general statements of issues such as 'the ALJ's decision is not supported by substantial evidence' will not be considered by the court."  On this basis alone, the court could affirm the Commissioner's decision in this case because the plaintiff's brief most certainly is in violation of these proscriptions.  In this instance, the court will not take that drastic action but counsel for the plaintiff should take heed in the future.

of the medical expert who testified at the hearing.

J.P. argues that the ALJ erred when he based his findings "upon the medical opinions received by the non-examining testifying expert of record." (Pl. Br. at 6) The plaintiff contends that under the law of this circuit the opinion of a non-examining physician cannot constitute substantial evidence to support an administrative decision.

The Commissioner's regulations require that "more weight [be given] to the opinion of a source who has examined [the claimant] than to the opinion of a source who has not examined [the claimant]." 20 C.F.R. § 404.1527(d)(1); *accord Broughton v. Heckler,* 776 F.2d 960, 962 (11th Cir. 1985); *Swindle v. Sullivan,* 914 F.2d 222, 226 n. 3 (11th Cir. 1990). Moreover, "[t]he opinions of nonexamining, reviewing physicians, ... when contrary to those of the examining physicians, are entitled to little weight, and standing alone do not constitute substantial evidence." *Lamb v. Bowen*, 847 F.2d 698 (11th Cir. 1988); *Sharfarz v. Bowen,* 825 F.2d 278, 280 (11th Cir. 1987); *accord Spencer on Behalf of Spencer v. Heckler,* 765 F.2d 1090, 1094 (11th Cir. 1985) ("'[t]o attempt to evaluate disability without personal examination of the individual and without evaluation of the disability as it relates to the particular person is medical sophistry at best'"). In *Edwards v. Sullivan,* 937 F.2d 580, 584-85 (11th Cir. 1991), the court found that the ALJ did not err in relying on the opinion of a nonexamining physician where the physician's opinion was consistent with the opinions of examining physicians.

One of the interpretive difficulties with this seemingly straightforward principle of

law arises from cases such as *Swindle v. Sullivan,* 914 F.2d 222, 226 n. 3 (11th Cir. 1990), in which the court stated, albeit in a footnote, that the opinion of a nonexamining physician "is entitled to little weight and taken alone does not constitute substantial evidence to support an administrative decision." In isolation, *Swindle* seems to suggest that the opinion of a nonexamining physician cannot be substantial evidence under any circumstances. *Swindle* cites *Broughton* as authority, but that case "held that the opinion of a nonexamining physician is entitled to little weight *if it is contrary to the opinion of the claimant's treating physician.*" *Broughton*, 776 F.2d at 962 (emphasis added). That formulation of the law is consistent with *Lamb* and *Sharfarz*. Thus, the court concludes that the opinion of a nonexamining physician who has reviewed medical records may be substantial evidence if it is consistent with the well-supported opinions of examining physicians or other medical evidence in the record.

      The problem in this case is that the ALJ ignored what the medical expert said about other medical evidence that he needed in order to proffer an opinion. During the hearing which was held on May 7, 2009, the medical expert asked J.P.'s mother when J.P. last saw Dr. Palmer, the treating psychiatrist. (R. at 34) The mother replied that her son saw Dr. Palmer every two months, "frequently and regularly." *Id.* The medical expert then stated, "Then his [Dr. Palmer's] records are outdated, judge." *Id.* After a discussion about obtaining those records, the medical expert interjected this.

> If I may add, judge. Those records would be very helpful because there is an inconsistency in the last exhibit, which is Dr. Palmer's overall MRFC

evaluation and the treating records that we have thus far from him. The treating records we have thus far as a year, we're missing the most current year of treatment. Teacher questionnaires would also certainly be very helpful. Unless I'm missing that, I don't see any in the file.

(R. at 34)

Near the conclusion of the hearing, the ALJ asked the medical expert whether based on his review of the record the claimant's impairments individually or in combination meet or medically equal the requirements of a listing. In response, the medical expert said

> Based on the record as it stands, in my opinion they would not meet or equal. It would not meet or equal 112.11 for the ADHD. Dr. Palmer's indications in his records indicate that the claimant has a very positive response to the Concerta. He notes that when the claimant is taking his medication his mood is stable and that he has improved concentration. That is up until the records we have, again, that end May 2008. The record would indicate that there is some significant behavioral problems in my opinion, judge, that would cause marked impairments in his interacting and relating with others. With the record as is at this point I would say less than marked impairments acquiring and using information, less than marked impairments attending and completing tasks when adequately medication, less than marked impairments caring for self, no impairments manipulating objects, no impairments with health and physical well-being.

(R. at 36)

It is painfully obvious that the medical expert carefully qualified his opinion based on the record before him while again noting that the records were not current. An ALJ plays a "crucial role in the disability review process" and has a duty to "develop a full and fair record" and to "carefully weigh the evidence, giving individualized consideration to each claim." *Miles v. Chater*, 84 F.3d 1397, 1401 (11th Cir. 1996) (per curiam). As already noted, the ALJ heavily relied on the medical expert but remarkably ignored that expert's entreaties

about needing updated records. The ALJ's failure to secure the updated medical records and provide them to the medical expert for his review and opinion was error.

The Commissioner argues that reliance on the medical expert was not error because his opinion was congruent with other medical evidence. This argument is beside the point. The medical expert noted several times that he needed updated information to form a reasoned opinion. The ALJ failed to get that information, and on remand, this error must be cured.

The court will enter a final judgment reversing and remanding this case to the Commissioner for further proceedings consistent with this opinion.

Done this 12th day of August, 2011.

                                                    /s/Charles S. Coody
                                           CHARLES S. COODY
                                           UNITED STATES MAGISTRATE JUDGE