IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| AUDREY EDWARD, o/b/o J.P., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:10cv165-CSC |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION and ORDER**

On November 8, 2011, the plaintiff filed a motion for attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). (Doc. # 20). The Commissioner objects to an award of fees because his "position was substantially justified." (Def's Res., doc. # 22, at 1).

On behalf of her minor son, J.P.,[1] Smith applied for and was denied supplemental security income benefits by the Commissioner. After her application was denied, she sought judicial review in this court. On August 12, 2011, the court concluded that the ALJ erred as a matter of law and remanded the case for further proceedings.

A Social Security disability claimant is a prevailing party entitled to seek EAJA fees when the claimant obtains a remand for reconsideration of her case by the Commissioner. *See Shala v. Schaefer*, 509 U.S. 292, 300-01 (1993). Thus, the plaintiff is a prevailing party.

Under the EAJA, the court "shall award" attorney's fees "unless the court finds that

---

[1] Pursuant to the E-Government Act of 2002, as amended on August 2, 2002, and M.D. Ala. General Order No. 2:04mc3228, the court has redacted the plaintiff's minor child's name throughout this opinion and refers to him only by his initials, J.P.

the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). *See also Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). "The government's position is substantially justified under the EAJA when it is justified to a degree that would satisfy a reasonable person - i.e. when it has a reasonable basis in both law and fact. The government bears the burden of showing that its position was substantially justified." *United States v. Douglas*, 55 F.3d 584, 588 (11th Cir. 1995) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

It has long been the law of this circuit that the ALJ has an obligation to fully and fairly develop the record. *Kelley v. Heckler,* 761 F.2d 1538 (11th Cir. 1985). In fact, an ALJ plays a "crucial role in the disability review process" and has a duty to "develop a full and fair record" and to "carefully weigh the evidence, giving individualized consideration to each claim." *Miles v. Chater*, 84 F.3d 1397, 1401 (11th Cir. 1996) (per curiam). The court concluded that although the ALJ "heavily relied on the medical expert, [he] remarkably ignored that expert's entreaties about needing updated records. The ALJ's failure to secure the updated medical records and provide them to the medical expert for his review and opinion was error." Because the ALJ failed to comply with the legal requirement that he properly develop the record and secure the requisite medical records necessary to fulfill his obligations under the law, the ALJ committed legal error requiring a remand for further proceedings. Thus, the Commissioner's position in this litigation did not have a reasonable basis in law. *Pierce* requires that the government's position be reasonable *both* in fact and law to be substantially justified.

The Commissioner argues that the plaintiff is not entitled to fees because "[t]he

Commission had a reasonable basis in law and fact for his position that Plaintiff's nonexertional impairments did not erode the occupational base." (Def's Res., doc. # 22, at 3). Not only does the defendant's articulation of the issue miss the mark, the arguments presented by the Commissioner merely rehash his arguments in support of the ALJ's determination. The court remanded the case because the ALJ failed in *his* duty to properly develop the record. The Court reminds the Commissioner that "Social Security proceedings are inquisitorial rather than adversarial. It is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits." *Sims v. Apfel*, 530 U.S. 103, 110-111 (2000)

> The SSA is perhaps the best example of an agency that is not based to a significant extent on the judicial model of decisionmaking. It has replaced normal adversary procedure with an investigatory model, where it is the duty of the ALJ to investigate the facts and develop the arguments both for and against granting benefits; review by the Appeals Council is similarly broad. *Id*. The regulations also make the nature of the SSA proceedings quite clear. They expressly provide that the SSA "conducts the administrative review process in an informal, nonadversary manner." 20 C.F.R. § 404.900(b).

*Crawford & Co. v. Apfel*, 235 F.3d 1298, 1304 (11th Cir. 2000).

Consequently, the ALJ failed to comply with the legal requirements that *he* fully develop the record which is especially egregious after his medical expert noted several times that as the medical expert, he needed updated information to form a reasoned opinion. Because the ALJ failed to get that information, the Commissioner's position was not reasonable in law and was not substantially justified. The plaintiff is entitled to an award of fees under EAJA.

The plaintiff seeks fees in the amount of $1,218.75. The Commissioner does not

challenge any of the hours expended by counsel as unreasonable nor does he challenge the hourly rate. Accordingly, upon consideration of the motion, and for good cause, it is

ORDERED that the motion for attorney's fees (doc. # 20) be and is hereby GRANTED and the plaintiff be and is hereby AWARDED fees in the amount of $1,218.75.[2]

Done this 27th day of January 2012.

                              /s/Charles S. Coody
                              CHARLES S. COODY
                              UNITED STATES MAGISTRATE JUDGE

---

[2] 28 U.S.C. § 2412(d)(1)(A) authorizes the court to award fees to the prevailing party. *See* 28 U.S.C. § (d)(2)(B). On June 14, 2010, the United States Supreme Court decided *Astrue v. Ratliff*, — S.Ct. —, 2010 WL 2346547 (2010) in which the Court unambiguously held that attorney's fees are awarded to the prevailing litigant, not to prevailing litigant's attorney. *See also Reeves v. Astrue*, 526 F.3d 732, 738 (11th Cir. 2008) ("attorney's fees are awarded to the prevailing party, not to the prevailing party's attorney."). Thus, fees are awarded directly to the plaintiff.